(Supreme Court, Special Term, Suffolk County.   July, 1902.)

1. LIQUOR TAX CERTIFICATE—CANCELLATION.
   A building 10 feet by 16, located on an alley way occasionally used by an unincorporated religious association, which has other regular headquarters, and erected and used to defeat the granting of a liquor tax certificate, is not to be deemed "a building occupied exclusively as a church," within the meaning of Laws 1896, c. 112, § 17, as amended.

2. SAME.
   A house costing $35, consisting of one room, and removed to its present location on the day of the application for a liquor tax certificate, in order to defeat it, is not a building "occupied exclusively as a dwelling," within Laws 1896, c. 112, § 17, as amended, relating to applications for liquor tax certificates.

In the matter of the application of John H. Vail and others to revoke the liquor tax certificate issued to Annie Lennon. Proceedings dismissed.

Walter H. Jaycox, for petitioners.

George W. Weeks, Jr., and Arington H. Carman, for Annie Lennon.

SMITH, J. The liquor tax certificate of Mrs. Lennon is sought to be canceled in this proceeding because of two alleged false statements made in her application for such certificate: First. That the

applicant did not intend to traffic in liquors, under the certificate applied for, in any building which is on the same street or avenue and within 200 feet of a building occupied exclusively as a church. Second. That there were only three buildings occupied exclusively as dwellings, the nearest entrance to which was within 200 feet, measured in a straight line, of the nearest entrance to the premises where the traffic in liquors was intended to be carried on. The building claimed to be occupied exclusively as a church within 200 feet of Mrs. Lennon's building is not such a church as is intended to be protected by the liquor tax law. Its location upon an alleyway, away from the main street, in close proximity to the outbuildings of Mrs. Lennon, its size, 10 by 16, and the fact that it was used only occasionally by a voluntary unincorporated religious association, which had regular headquarters elsewhere, in a large and convenient room, all indicate that the purpose of its erection and use was solely to defeat the purpose of Mrs. Lennon to procure a liquor tax certificate; and the inference is irresistible that if Mrs. Lennon should announce her definite purpose to give up the traffic in liquors, the use of the building for religious meetings would immediately be discontinued. I am also satisfied that Mrs. Lennon made a truthful statement as to the number of buildings occupied exclusively as dwellings within the prescribed distance from her premises. The Dufour house, so called, a small one-story building, with but one room, was never intended to be occupied as a bona fide dwelling. There is no evidence that at the time the certificate was granted it was in a condition to be used as a dwelling. The fact that occasionally some person used the building as a place in which to lodge is not sufficient to give it the character of a dwelling house. The building, belonging to Mr. Vail, cost him $35, contained but one room, and was hurriedly removed to the neighborhood of its present location, for the express purpose of defeating the application of Mrs. Lennon, on the same day that the application was made. Its location was not definitely fixed until after the certificate was issued. It was not made habitable until after the certificate was issued. It would be a legal travesty to dignify such a building, moved to its location under such circumstances, as one entitled to protection under the liquor tax law as a building occupied exclusively as a dwelling. Such buildings ought not to be allowed to furnish a basis for the application for a tax certificate, and if not permitted for that purpose, they should not be permitted to be used to work a revocation. It may be that a very considerable majority of the law-abiding citizens of the village of Islip are opposed upon moral grounds to the opening of another saloon upon the main street of that village; but conceding that sentiment is entitled to the highest respect and consideration, still it is better that the evil be endured than that the law should be brought into contempt by an application thereof manifestly made to meet a particular case.

Proceedings dismissed, with costs.